**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 1:13 CR 427 |
| | ) | |
| Plaintiff/Respondent, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Paul Johnson, | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendant/Petitioner. | ) | |

**Introduction**

This matter is before the Court upon defendant's Motion to Vacate Under Section

2255 (Doc. 332).  For the following reasons, the motion is DENIED.

**Facts**

Defendant pleaded guilty to one count of conspiring to possess with intent to distribute

and distribution of cocaine.  On July 2, 2014, the Court imposed a 69 month sentence, to be

followed by five years of supervised release.  Defendant did not file a direct appeal, but filed

this Motion to Vacate Under Section 2255.

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack

his sentence on the ground that it was imposed in violation of the Constitution or laws of the

United States. A prisoner may move to vacate, set aside or correct his sentence upon the basis

that "the sentence was imposed in violation of the Constitution or laws of the United States,

or that the court was without jurisdiction to impose such sentence, or that the sentence was in

excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28

U.S.C. § 2255.  To warrant relief under the statute because of constitutional error, the error

must be one of constitutional magnitude which had a substantial and injurious effect or

influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123

L.Ed.2d 353 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th

Cir.2005).

**Discussion**

Defendant asserts one ground for relief: Under Amendment 794 to United States

Sentencing Guideline (USSG) § 3B1.2, defendant is entitled to a sentence reduction because

of his minor role in the offense. Defendant's motion fails for the following reasons.

USSG § 1B1.10(d), which lists the applicable amendments upon which a court may

reduce a term of imprisonment as a result of an amended guideline, does not include

Amendment 794.  Thus, the amendment upon which defendant relies may not be used to

reduce his sentence.  *See also United States v. Branstetter,* 2016 U.S. Dist. LEXIS 117359

(E.D.Ky Aug. 3, 2016) (citing *United States v. Goodloe*, 388 Fed.Appx. 500 (6th Cir. 2010) (If

an amendment is not listed in § 1B1.10, it cannot be applied in a resentencing proceeding.)

Additionally, as discussed by the plaintiff in its response, there was no factual support

2

for a minimal or minor participant role adjustment.

### **Conclusion**

For the foregoing reasons, defendant's Motion to Vacate Under Section 2255 is

denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. §  1915(a)(3), that an appeal

from this decision could not be taken in good faith, and that there is no basis upon which to

issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

IT IS SO ORDERED.


                                                          /s/ Patricia A. Gaughan
                                                         PATRICIA A. GAUGHAN
                                                         United States District Judge
Dated:   11/14/16